

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## COLUMBIA DIVISION

| | | |
|---|---|---|
| JEROME GARCIA,<br>    Plaintiff, | §<br>§<br>§ | |
| vs. | §<br>§ | Civil Action No.: 3:24-6418-MGL |
| KENDRA L. DOVE,<br>    Defendant. | §<br>§<br>§ | |

---

### ORDER ADOPTING THE REPORT AND RECOMMENDATION,
### DISMISSING THIS CASE WITHOUT PREJUDICE AND
### WITHOUT FURTHER LEAVE FOR AMENDMENT,
### AND DEEMING AS MOOT PLAINTIFF'S REMAINING MOTIONS

---

Plaintiff Jerome Garcia (Garcia), who is representing himself, brought this civil action against Defendant Kendra L. Dove (Dove), Treasurer of Richland County, South Carolina. Garcia alleges Dove violated his state and federal constitutional rights.

This matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge concluding Garcia's complaint is frivolous and recommending the Court summarily dismiss this case and deny Garcia's remaining motions. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court

may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on November 25, 2024. The Clerk of Court docketed Garcia's objections on December 2, 2024. He thereafter filed two motions for reconsideration under Federal Rule of Civil Procedure 52(b), as well as a supplemental pleading under Rule 15(d). The Court has carefully reviewed Garcia's objections but holds them to be without merit. It will therefore enter judgment accordingly.

In 2019, Garcia purchased real property located at 1412 Pinson Street in Columbia, South Carolina (the Property). The recorded deed lists his address as 1630 Hodges Street in Columbia, South Carolina.

The following year, Dove's predecessor mailed a tax notice for the Property to 1412 Pinson Street. Garcia fails to challenge the delivery of the tax notice and instead disputes its contents. More specifically, Garcia asserts the notice revealed his private information and incorrectly listed his address as 1630 Hodges Street.

In 2023 and 2024, Dove published delinquent tax notices on the fence of the Property. The notices again included Garcia's personal information and purportedly wrong address. As per Garcia, the 2024 notice also "ma[de] a threat to take [the Property] unless [he] pa[id] yet another debt with higher fees[] and extra late fees." Complaint ¶ 32.

Garcia subsequently searched the Property on the Richland County Assessor's website and discovered an incomplete application for legal residency (the Application). Garcia contends the Application, which he had failed to initiate, improperly lists his address as 1630 Hodges Street and thus subjects him to property taxes. Accordingly, Garcia brought this action, claiming Dove's use of his name and address on the tax notices constitutes an unconstitutional taking.

2

As the Court stated above, the Magistrate Judge determines Garcia's complaint is frivolous and thus recommends the Court dismiss this case without prejudice and without further leave for amendment. Garcia objects to the Report on three grounds.

First, Garcia contests the Magistrate Judge's statement he "provide[d] no authority for the legal conclusion that a county's use of a name and address provided by a property owner for use on the deed constitutes an illegal taking under the Fifth or Fourteenth Amendments." Report at 4. Garcia contends he cited *Knick v. Township of Scott*, 588 U.S. 180 (2019), and the Privacy Act of 1974 (the Privacy Act), 5 U.S.C. § 552a, in support of this proposition. But, *Knick* fails to indicate Dove's actions constitute an uncompensated taking. And, the Privacy Act "applies exclusively to federal agencies." *Schmitt v. City of Detroit*, 395 F.3d 327, 330 (6th Cir. 2005). The Court will thus overrule Garcia's first objection.

Second, Garcia maintains Dove invaded his right to privacy in violation of the Federal Trade Commission (FTC) Act, 15 U.S.C. § 41 et seq., the Dodd-Frank Wall Street Reform and Consumer Protection (Dodd-Frank) Act, 12 U.S.C. § 5301 et seq., the Fair Housing Act (FHA), 42 U.S.C. § 3601 et seq., the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq., the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq., and the Securities Act of 1933 (the Securities Act), 15 U.S.C. § 77a et seq.

Neither the FTC Act nor the Dodd-Frank Act provide a private right of action in this instance. *See Holloway v. Bristol-Myers Corp.*, 485 F.2d 986, 988–89 (D.C. Cir. 1973) (declining to imply a private right of action under the FTC Act); *Asadi v. G.E. Energy (USA), L.L.C.*, 720 F.3d 620, 623 (5th Cir. 2013) (holding Section 922 of the Dodd-Frank Act "creates a private cause of action only for individuals who provide information relating to a violation of the securities laws to the [Securities and Exchange Commission]").

3

Also, absent from the complaint are any allegations Dove either engaged in discriminatory housing practices in violation of the FHA or furnished false information to a credit reporting agency in negligent or willful noncompliance with the FCRA. *See* 42 U.S.C. § 3613(a)(1)(A) (permitting "[a]n aggrieved person to [commence] a civil action [under the FHA] in an appropriate United States district court . . . to obtain appropriate relief with respect to [an alleged] discriminatory housing practice"); 15 U.S.C. §§ 1681n to 1681o (imposing civil liability under the FCRA for negligent or willful noncompliance with its provisions).

Moreover, the FDCPA and Securities Act are inapplicable to county officials like Dove. *See* 15 U.S.C. § 1692a(6)(C) & (8) (explaining the phrase "debt collector" under the FDCPA "does not include . . . any officer or employee of . . . any State to the extent that collecting or attempting to collect any debt is in the performance of h[er] official duties" and further defining the term "State" to include "any political subdivision" thereof); 15 U.S.C. § 77c(a)(2) (stating the Securities Act "shall not apply to . . . [a]ny security issued or guaranteed . . . by any political subdivision of a State").

For all these reasons, the Court will overrule Garcia's second objection, as well.

Third, Garcia asserts the Property is private land, so he is exempt from property taxes under S.C. Code Ann. § 12-37-610. Even if this provision subjects Garcia to property taxes, he contends it is facially unconstitutional because "Congress was never given the power to tax the private rights of the people, only the right to regulate[] and tax [c]ommerce." Garcia's Objections at 14 (internal quotation marks omitted). The Court is unpersuaded.

As the Magistrate Judge explained, in South Carolina, "[e]ach person is liable to pay taxes and assessments on the real property that . . . he owns in fee . . . , as recorded in the public records for deeds of the county in which the property is located." S.C. Code Ann. § 12-37-610(A). Garcia

evidently posits "real property" as used in § 12-37-610(A) excludes private land. The statutory definition, however, fails to distinguish between public and private land. *See id.* § 12-37-10(1) (defining "real property" as "not only land, city, town and village lots but also all structures and other things therein contained or annexed or attached thereto which pass to the vendee by the conveyance of the land or lot").

Further, the Supreme Court has recognized property "taxes are not themselves a taking[] but are a mandated 'contribution from individuals . . . for the support of the government . . . for which they receive compensation in the protection which government affords.'" *Tyler v. Hennepin Cnty.*, 598 U.S. 631, 637 (2023) (quoting *Cnty. of Mobile v. Kimball*, 102 U.S. 691, 703 (1881)).

Garcia challenges the Magistrate Judge's citation to *Kimball*, arguing that case involved the Commerce Clause rather than the Takings Clause. But, the Supreme Court in *Kimball* made clear "taxation for a public purpose . . . [is not] the taking of private property for public use[] in the sense of the Constitution." *Kimball*, 102 U.S. at 703. In other words, the Takings Clause is unimplicated by the mere collection of property taxes.

Accordingly, the Court will also overrule Garcia's third objection.

After a thorough review of the Report and the record in this case under the standards set forth above, the Court overrules Garcia's objections, adopts the Report, and incorporates it herein. It is therefore the judgment of the Court this case is **DISMISSED** without prejudice and without further leave for amendment. As a result of this ruling, Garcia's remaining motions are necessarily **DEEMED AS MOOT**.

**IT IS SO ORDERED.**

Signed this 16th day of September 2025, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

\*\*\*\*\*

**NOTICE OF RIGHT TO APPEAL**

Garcia is hereby notified of his right to appeal this Order within thirty days from the date

hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.